**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

AUG 27 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-3899 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00361-JLT-1 |
| v. | |
| TERRY LEE SCHNEIDER II, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted August 20, 2024**

Before:     S.R. THOMAS, RAWLINSON, and COLLINS, Circuit Judges.

Terry Lee Schneider II appeals pro se from the district court's order denying his renewed motion to compel production of grand jury materials. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

While Schneider's appeal from the district court's order denying his first

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to compel was pending, he renewed his motion in the district court. He again sought grand jury materials, but this time on a different basis. The government opposed on the ground that the pending appeal deprived the district court of jurisdiction over the motion. The district court disagreed that it lacked jurisdiction and denied the motion on the merits.

On appeal, Schneider's sole claim is that the district court violated the party presentation principle by reaching the merits of his motion when the government only argued jurisdiction. He suggests that, because the government did not oppose his motion on the merits, the district court was compelled to grant the motion. Schneider misunderstands the party presentation principle. Even though the government did not argue the merits, the district court could not grant relief without first evaluating whether Schneider had shown that he was entitled to the grand jury materials. *See United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (party seeking grand jury materials must show a particularized need that outweighs the policy of secrecy); *see also United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020) (explaining the party presentation principle).

To the extent Schneider challenges the district court's decision that he failed to show a particularized need for the grand jury materials, he has not shown any abuse of discretion by the district court. *See Walczak*, 783 F.2d at 857.

**AFFIRMED**.

23-3899